UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DEREK MCKISSAK, # 757027, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-cv-491 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| ANN NIEMI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The defendant is Social Worker Ann Niemi. Plaintiff alleges defendant violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. Plaintiff seeks an award of damages.

The matter is before the Court on defendant's motion for summary judgment. (ECF No. 15). Plaintiff did not file a response. For the reasons stated herein, I recommend that defendant's motion be granted and that judgment be entered in her favor on all plaintiff's claims.

**Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment

is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const.*, LLC, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001 (6th Cir. 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street*

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

### Proposed Findings of Fact

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections. In August 2015, plaintiff was an inmate at the Van Buren County Jail awaiting sentencing. (Plf. Dep. at 61, ECF No. 16-2, PageID.85). Plaintiff suffers from mental illness. (*Id.* at 13, PageID.78).

On an unspecified date in August 2015, plaintiff began feeling dizzy and lightheaded after he received his medication. Plaintiff fell and broke his collarbone. (*Id.* at 41, 44, 61, PageID.82, 85).

Ann Niemi is a licensed clinical social worker employed by the Van Buren Community Mental Health Authority. (Niemi Dep. ¶¶ 2, 3, ECF No. 16-1, PageID.74-75). The Van Buren Community Mental Health Authority provides mental health services to inmates at the county jail. Ms. Niemi's license as a social worker does not authorize her to prescribe medication. She has never prescribed medication for anyone. (*Id.* at ¶¶ 4-7, PageID.75). Ms. Niemi was not aware that

plaintiff was feeling dizzy or lightheaded at any time before he fell and broke his collarbone. (*Id.* at ¶ 8, PageID.75; Plf. Dep. at 60, ECF No. 16-2, PageID.84).

On May 25, 2017, plaintiff filed this lawsuit. (ECF No. 1).

## Discussion

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on the subjective component of Eighth Amendment claims against defendant.

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837. The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component . . . requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that [s]he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs. The record shows that defendant did not prescribe any medications and that she was not aware that plaintiff had any problem with dizziness or lightheadedness before he fell and broke his collarbone.

**Recommended Disposition**

For the foregoing reasons, I recommend that defendant's motion for summary judgment (ECF No. 15) be granted and that judgment be entered in defendant's favor on all plaintiff's claims.


Dated:   April 13, 2018             /s/   Phillip J. Green
                                    PHILLIP J. GREEN
                                    United States Magistrate Judge


**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.   28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).   All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).   Failure to file timely and specific objections may constitute a waiver of any further right of appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).   General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).